

FILED
DEC 29 2008

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR 07-40083 |
| Plaintiff, | \* | |
| vs. | \* | ORDER |
| ESTEBAN RUIZ-CHAVEZ;<br>VENANCIO CRUZ-GOMEZ,<br>a/k/a "Juhaco,"<br>URIEL VARGAS, a/k/a "Woody," and<br>STEPHANIE MARIE BOWERS, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant Stephanie Marie Bowers' Motion for Reconsideration of Motion to Suppress, Doc. 137, which Motion was joined into by the other Defendants, Doc. 138, 139, 140. The United States never responded to those Motions, but the failure of the United States to respond is not taken by the Court as an acquiescence to the Motions, although a response from the United States might have been helpful.

Defendants argue that *United States v. Jones*, 269 F.3d 919 (8th Cir. 2001) is dispositive of this suppression issue. The *Jones'* court stated at 927: "...when the officer's actions are such that any driver, whether innocent or guilty, would be preoccupied with his presence, then any inference that might be drawn from the driver's behavior is destroyed." Accordingly, any inference that the Defendant driver, Mr. Cruz-Gomez, and thus the other Defendants were following too closely is destroyed for purposes of the "reasonable suspicion calculus as to whether other criminal activity was afoot." 269 F.2d at 928. However, removing the traffic offense from the "calculus" does not change the result. In addition, the *Jones'* case does not hold that preoccupation with the officer's presence behind the Defendant also causes the traffic stop itself to be an invalid traffic stop. At least under the facts in the *Jones'* case, the resulting traffic offense cannot be considered in the separate

calculus.

The *Jones'* case involved two issues, first during a lengthy delay after the initial stop, whether "Jones was 'seized' within the meaning of the Fourth Amendment and, if so, whether the seizure was founded on a reasonable suspicion that criminal activity was afoot." 269 F.2d at 925.

The present case presents different issues. In the present case, after the traffic stop was completed, there was not the lengthy delay as was the situation in the *Jones'* case. Instead, settled precedent, *Illinois v. Caballes*, 543 U.S. 405, 408, 125 S.Ct. 834, 160 L.Ed.2d 842 (2005), *United States v. Olivera-Mendez*, 484 F.3d 505, 509 (8th Cir. 2007), allows for a dog sniff within a short and reasonable time after the traffic stop even though the traffic stop has concluded. In the present case, the dog was in Trooper Bader's vehicle so the dog was immediately available. The drug dog indicated the existence of drugs and thus provided the basis for the further search of the vehicle.

As the Defendants' van driver passed Trooper Bader and his dog and his parked patrol car, this Court adheres to its view that there was a profiling which caused the trooper to then follow the van. The fact remains, however, that an officer patrolling traffic can within limits follow a vehicle. In this case, the resulting traffic violation is not considered in the calculus of whether other criminal activity was afoot. Were it not for the permissible drug sniff and alerting, there would be further analysis to determine whether the Defendants were "seized" within the meaning of the Fourth Amendment and, if so, whether under the other facts the seizure was founded on a reasonable suspicion that criminal activity was afoot. Here the drug sniff followed within a permissible time the questioning of the signatory of the rental contract who was not driving the car at the time of the stop. The questioning regarding the rental contract was warranted by the fact that the person driving the vehicle, Mr. Cruz-Gomez, was not listed on the rental contract. However, the questioning of both Ruiz-Chavez and Cruz-Gomez goes beyond that necessary or warranted by a traffic stop. The majority of the questions were calculated to elicit conflicting stories so that a basis for a detention and search could be shown. The questioning did not, however, unduly prolong the traffic stop. Stephanie Bowers was characterized by the trooper as adding to his suspicion while her appearance on the video of her questioning does not support that conclusion.

This is not to condone what appears to have been a profiling at the inception of the events nor is it to condone the close following of the vehicle by the trooper, the same sort of conduct for which the Defendant was stopped. However, since the dog sniff promptly followed the traffic stop, the alert by the drug dog provides a proper basis for the further search of Defendants' vehicle. "See *Olivera-Mendez*, 484 F.3d at 511 (holding, in the alternative, that evidence discovered after a dog sniff should not be suppressed because the dog sniff, and not an earlier arguably unreasonable extension of the traffic stop, caused the discovery of the contraband)." cited favorably in *United States v. Peralez*, 526 F.3d 1115, 1122 (8th Cir. 2008).

Accordingly, Defendants' Motions for Reconsideration of Motion to Suppress are denied for the reasons stated in this Order and the Court's Order of July 24, 2008.

Defendants also moved that the Court also reconsider its Order regarding discovery. The problem with the discovery requested was that the information necessary to present an equal protection claim by the Defendants is not present in the information requested by the Defendants as was explained in page 3 of this Court's Order of July 24, 2008.

IT IS ORDERED:

1. That Defendant Stephanie Marie Bowers' Motion for Reconsideration of Motion to Suppress, Doc. 154, is denied for the reasons stated herein.

2. That the Motions for Joinder, Doc. 138, 139, and 140, of Defendants Esteban Ruiz-Chavez, Uriel Vargas, and Venancio Cruz-Gomez are likewise denied.

3. That the motion to reconsider regarding discovery is granted to the extent that the discovery request was reconsidered, but then denied.

4. That January 5, 2009, remains as the deadline for submission to the Court of any proposed plea agreement by any Defendant.

5. That all motions in limine shall be in writing and filed, together with proposed instructions, with the Court ten (10) working days before trial.

6. That the jury trial herein shall commence in Sioux Falls, South Dakota, on Tuesday, February 17, 2009, with counsel to be present for motions in limine

at 9:00 A.M., and with the jury to report at 9:30 A.M.

7. That the period of delay resulting from such continuance is excluded in computing the time within which the trial of the offense for the Defendants must commence, as the Court finds that the ends of justice served by taking such action outweigh the best interests of the public and the Defendants in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

Dated this 29th day of December, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY:_____
          DEPUTY